UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Trustees of the Local 1034 I.B.T.
Insurance Trust Fund, et al.,

                      Plaintiffs,                    02CV2491 (SLT)(CLP)
   -against-
                                                               MEMORANDUM
                                                                 &amp; ORDER
Goodman Brothers Steel Drum Co, Inc.


                      Defendant.
-------------------------------------------------------------X

TOWNES, District Judge:

       Plaintiffs Trustees of the Local 1034 I.B.T. Insurance Trust Fund ("the Insurance Fund"), the Local 1034 I.B.T. Pension Trust Fund (the "Pension Fund") and the Local 813 and Local 1034 Severance Trust Fund (the "Severance Fund") (collectively, the "Funds") bring the present action for delinquent contributions due under the collective bargaining agreement entered into between the parties, pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(c) and § 502 of the Employer Retirement Income Security Act ("ERISA"), 2 U.S.C. § 1132(e), in addition to interest, liquidated damages and attorneys' fees. On January 24, 2004, this Court (Gleeson, J.) referred Plaintiffs' motion for default judgment to Magistrate Judge Cheryl L. Pollak. This Court adopts Judge Pollak's Report and Recommendation in its entirety.

       A district court judge may designate a magistrate to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. See id. Upon de novo review of those portions of the record to which objections were

made, the district court judge may affirm or reject the recommendations. See id.

The Court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

In this case, Judge Pollack recommended that Plaintiffs' motion should be granted and Plaintiffs granted delinquent contributions plus 20% in liquidated damages, interest and attorneys' fees. Objections to the Report and Recommendation were due by August 10, 2005. No objections were filed with this Court. Upon review of the recommendation, this Court adopts and affirms the Report and Recommendation of Magistrate Judge Pollak.
.

SO ORDERED.

_____S/_____
SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Brooklyn, New York
Dated: August 22, 2005